IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIZABETH CHOI TOSUN and EVAN PERDIKOURIS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-25-00882-JD ) |
| GLOBAL PAYMENTS, INC., HEARTLAND PAYMENT SYSTEMS, LLC, and HEARTLAND PAYROLL SOLUTIONS, INC., | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is Defendants Global Payments, Inc., Heartland Payment Systems, LLC, and Heartland Payroll Solutions, Inc.'s Motion to Dismiss Plaintiff Evan Perdikouris' claims ("Motion"). [Doc. No. 28]. The Motion seeks to dismiss Plaintiff's claims in the complaint [Doc. No. 1-1], for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) pleading standards (as interpreted by *Iqbal/Twombly*).[1] The Motion is raised alternatively to Defendants' request that the Court transfer venue to the Middle District of Georgia [Doc. No. 3] based on a forum selection clause.[2] *See* Motion at 2, 3.

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[2] The motion to transfer the case is not fully briefed. *See* [Doc. No. 23] (order regarding the parties' requests for extended deadlines).

The Court has inherent authority to manage its cases "so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *see also* Fed. R. Civ. P. 1. The best use of the Court's and the parties' resources is to require counsel for parties to confer in good faith regarding the alleged deficiencies in the complaint to resolve all or as many disputes as possible without involving the Court. *See also Judge Dishman's Chamber Procedures for Civil Cases*.

Accordingly, and without expressing any views on the merits of the claims or the Motion, the Court **ORDERS** the parties to confer prior to Plaintiff filing his response. Plaintiff's response shall include a certificate of conference advising the Court of the outcome of the parties' conference. The goals of this Order are to avoid unnecessary, multiple rounds of briefing and decision making on pleading issues, and to ensure that the parties require a court resolution of the disputed issues. *See* Fed. R. Civ. P. 1. Nothing in this Order changes the response brief deadline. *See* LCvR7.1(g).

If the issues in this Motion or other pending motions are resolved by agreement at any time, or if this action is resolved, counsel shall immediately notify the Court. Failure to comply with this Order in good faith may result in sanctions. *See* Fed. R. Civ. P. 11(c)(1).

IT IS SO ORDERED this 29th day of October 2025.

*[signature]*
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE